959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henry WILEY, Petitioner-Appellant,
v.
CORRECTIONS CABINET OF KENTUCKY; Attorney General of
Kentucky, Respondents-Appellees.
 No. 91-6476.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1992.
 
 1
 Before RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Henry Wiley is currently serving a fifteen year sentence imposed in 1982 following his conviction on one count of receiving stolen property over $100, two counts of trafficking in a controlled substance, and as a first degree persistent felony offender. Wiley was previously convicted and sentenced to serve sixteen years and ten years for offenses committed in 1970 and 1976, respectively.
 
 
 4
 In 1988, Wiley filed a petition for a writ of habeas corpus in which he challenged the calculation of his combined sentences. The district court granted the petition after finding an ex post facto application of law. The district court further determined that both the sixteen and ten year sentences had expired as of August 15, 1985, and directed respondent, the Kentucky Corrections Cabinet, to recalculate the sentence remaining on the 1982 conviction. Following recalculation, Wiley filed a motion to find respondent in contempt on grounds that respondent again miscalculated the sentence. The district court determined that the subsequent recalculation was in accordance with its prior order; the contempt motion was denied. Both orders were addressed and affirmed on appeal. Wiley v. Corrections Cabinet, No. 89-5248 (6th Cir. Nov. 16, 1989), cert. denied, 494 U.S. 1068 (1990).
 
 
 5
 In April 1991, Wiley filed a second petition for a writ of habeas corpus. He again alleged that respondent miscalculated his sentence. Respondent asserted that the petition was successive and requested that it be dismissed.
 
 
 6
 Upon review, we conclude that the petition was properly dismissed as successive. The district court is authorized to dismiss a second petition after finding that the petition fails to allege new or different grounds for relief and the prior determination was on the merits. Rule 9(b), Rules Governing Habeas Corpus Proceedings in the District Courts; McClesky v. Zant, 111 S.Ct. 1454, 1466 (1991). Contrary to Wiley's assertions, he has not alleged new or different grounds for relief.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation